FILED

2015 Mar-31  AM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CONSTANCE KUEMPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:12-cv-04192-SGC |
| | ) | |
| AARDVARK'S ANSWERING | ) | |
| SERVICE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case involves claims of discrimination on the basis of race and religion, retaliation, and related state law claims.    Presently pending are the motions to dismiss filed by defendants, Automation Personnel Services, Inc. ("Automation") (Doc. 26) and American Telemessaging Corporation d/b/a Ameritel ("Ameritel") (Doc. 31).  Defendants contend plaintiff, Constance Kuemper, has failed to state a claim upon which relief can be granted under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).  Alternatively, Defendants contend Kuemper should be required to re-plead the complaint, which the undersigned construes as requesting a more definite statement under Rule 12(e).  As explained below, Defendants' motions will be granted in part and denied in part.  Specifically, the motions to dismiss will be denied, but the motions for a more definite statement will be granted and Plaintiff will be required to re-plead her complaint.

## I.  PROCEDURAL HISTORY

Plaintiff filed the original complaint on December 26, 2012.   (Doc.1). Following an order to show cause why the matter should not be dismissed under Rule 4(m), Automation was eventually served and on August 2, 2013, filed a motion to dismiss.  (Doc. 14).   On August 26, 2013, Plaintiff filed a motion to amend the complaint to correctly name Ameritel.  (Doc. 21).   The previously assigned magistrate judge granted the motion to amend, mooting Automation's motion to dismiss.  (Nov. 7, 2013 Docket Entry).   Automation filed the now-pending motion to dismiss the amended complaint on November 15, 2013.  (Doc. 26).  Ameritel joined the motion to dismiss on December 20, 2013, adopting and incorporating Automation's arguments.  (Doc. 31).   The motions to dismiss have been fully briefed and are ripe for adjudication.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (*quoting Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (*citing Twombly*, 550 U.S. at 556).   "The plausibility standard is not akin to a

2

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

## III.   FACTS ALLEGED

The amended complaint alleges Plaintiff, who is white, was employed by Defendants from February 2010 through August 2010.  (Doc. 22 at 2-3, 5). Without further explanation, the amended complaint also states Defendants

operated as Plaintiff's joint employers.  (Doc. 22 at 2).  While the Plaintiff does not specify the religion to which she adheres, she apparently is not a Christian.  (Doc. 22 at 3; *see* Doc. 30 at 10 (describing Plaintiff's beliefs as "differing . . . from the Christian religion")).

Regarding religious discrimination, the amended complaint alleges "[m]anagement and co-workers asked Plaintiff about her religious beliefs."  (Doc. 22 at 3).  Plaintiff also states she "was required to memorize a weekly Bible verse" and her hours were cut in retaliation for complaining about this requirement.  (*Id.*).  When Plaintiff complained to management, the unnamed manager responded that the weekly Bible verse was a "good idea" because "it was a Christian company." (*Id.* at 4-5).  The complaint further alleges "[o]ther employees [inquired if Plaintiff] sacrificed animals as part of her religious practices."  (*Id.* at 3).

Regarding racial discrimination, Plaintiff generally alleges she "was treated more harshly than the African American employees" and "[t]here were frequent derogatory comments about white people made in the office, such as they can't stand white people."  (Doc. 22 at 3-4).  Plaintiff contends she was disciplined more harshly than black employees for alleged dress code violations and tardiness.  (*Id.* at 3-5).   Plaintiff also contends Defendants gave promotions to similarly situated black employees and allowed black employees to work preferred shifts.  (*Id.* at 4). Additionally, Plaintiff states she was blamed for leaving an outside door open

when, in fact, a black employee was the culprit.  (*Id.*).

On August 6, 2010, Plaintiff called into work to report that she would be absent due to her daughter's illness.  (*Id.* at 5).  Plaintiff returned to work the following day, but her supervisor permitted her to leave early to continue caring for her daughter.  (*Id.*).  When Plaintiff reported to work on August 8, "office staff had been told that Plaintiff" had missed work without permission.  (*Id.*).  The complaint alleges "Plaintiff was pretextually terminated on or about August 10, 2010." (*Id.*).

## IV.   DISCUSSION

The amended complaint names Automation and Ameritel as defendants and asserts seven claims against them, collectively.  However, the factual allegations do not reveal which Defendant is the target of each particular allegation.  Plaintiff does identify certain individuals as managers, owners, or supervisors, but she does not allege any specific conduct or actions by these individuals.  (Doc. 22 at 3).  The sole exception is Serena Clark, a black employee the amended complaint alleges was promoted to supervisor during Plaintiff's tenure and instituted the weekly Bible verse requirement.  (*Id.* at 4).  Even where specific individuals are named, the amended complaint does not specify which Defendant employed them.

Aside from the allegations involving Serena Clark, the facts set forth in the amended complaint are ambiguously pled.   Rather than identifying which

Defendant is alleged to have taken a particular action, the complaint refers to Defendants collectively or avoids identifying either Defendant by using the passive voice. (Doc. 22 at 3-5). Where the complaint alleges actions taken by individuals, it identifies the actors in vague terms such as "[m]anagement and co-workers," "[o]ther employees," "they," "management," and "[plaintiff's] supervisor." (*Id.*). Accordingly, Defendants contend they are unable to respond to the amended complaint because it is unclear which Defendant is the target of each allegation.

Plaintiff suggests she is unable to provide more detailed allegations attributing conduct to a particular Defendant because she was jointly employed by Defendants. (Doc. 30 at 6). Plaintiff further suggests that Defendants should know the precise legal relationship between the entities and contends she is entitled to discovery on the issue of joint employment. (*Id.*). "It is possible for two or more businesses to be held liable for violations of Title VII under the 'joint employer' theory of recovery." *Kaiswer v. Trofholz Tech., Inc.*, 935 F. Supp. 2d 1286, 1293-94 (M.D. Ala. 2013) (citing *Virgo v. Riviera Beach Assocs., Ltd.,* 30 F.3d 1350, 1359-61 (11th Cir. 1994)). Courts considering whether particular defendants are joint employers analyze: "(1) the means and manner of the plaintiff's work performance; (2) the terms, conditions, or privileges of the plaintiff's employment; and (3) the plaintiff's compensation." *Id.* (citing *Llampallas v. Mini-Circuits, Inc.,* 163 F.3d 1236, 1245 (11th Cir. 1998)).

Here, the amended complaint does not allege a single fact to support the contention that Defendants operated as Plaintiff's joint employers. Accordingly, Plaintiff's reliance upon the theory of joint employment to overcome the amended complaint's shortcomings is unavailing. *See id.* at 1293-94 (joint employment sufficiently pled where complaint "alleged sufficient factual allegations to raise a reasonable expectation that evidence will reveal that [defendant] was her joint employer for purposes of Title VII liability").

Finally, Plaintiff also contends Defendants' responses to her EEOC complaint establish that the complaint here is sufficiently pled. (Doc. 30 at 3-4; Doc. 34 at 3-4). Specifically, Plaintiff points to Automation's response to the EEOC complaint that it had "conducted a thorough investigation regarding the allegations." (Doc. 30 at 3; Doc. 34 at 3). Because Defendants answered Plaintiff's EEOC charge and did not challenge its sufficiency, Plaintiff essentially contends Defendants should be estopped from doing so here. (*Id.*). The undersigned is not aware of any authority supporting Plaintiff's position and is unconvinced that an answer to an EEOC complaint relieves a plaintiff of the duty to plead sufficiently under Rule 8.

## V. CONCLUSION

For the foregoing reasons, Plaintiff is **ORDERED** to amend her complaint within **fourteen (14) calendar days**. The second amended complaint **SHALL**

either: (1) identify the Defendant—or Defendant's employee—against whom each allegation is made; or (2) sufficiently plead that Defendants acted as Plaintiff's joint employers.  Additionally, the amended complaint sets forth fifteen paragraphs concerning jurisdiction, venue, the identity of the parties, and factual allegations. (Doc. 22 at 1-5).  The complaint then incorporates all of the aforementioned paragraphs into each of Plaintiffs' seven claims, which she asserts against both Defendants.  (*Id.* at 5-11).  The second amended complaint **SHALL** also cure this shotgun pleading; each claim **SHALL** specifically state the factual allegations upon which it rests so that neither the Defendants nor the court will be left to guess which allegations are intended to support each of Plaintiff's claims.

Accordingly, Defendants' pending motions (Doc. 26, 31) are **GRANTED IN PART**.  Specifically, to the extent Defendants seek dismissal for failure to state a claim under Rule 12(b)(6), the motions are **DENIED WITHOUT PREJUDICE**. However, Defendants' requests for a more definite statement under Rule 12(e) are **GRANTED**, consistent with the terms of this order.

**DONE** this 31st day of March, 2015.


STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE